# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

FIREARMS REGULATORY ACCOUNTABILITY
    COALITION, INC., et al.,

             Plaintiffs-Appellees,

          v.

PAMELA BONDI, ATTORNEY GENERAL
    OF THE UNITED STATES, et al.,

             Defendants-Appellants.

No. 25-1748

## JOINT STATUS REPORT

The parties file this joint status report to notify the Court that they have reached a settlement and that they intend to seek an indicative ruling from the district court to effectuate the settlement.

1. This appeal arises from firearms classification letters issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Plaintiff Franklin Armory markets a firearm called the Antithesis and a firearm called the Reformation. ATF classified the Antithesis as a short-barreled rifle under the National Firearms Act of 1934 (NFA), 26 U.S.C. § 5801 *et seq*, and the Gun Control Act of 1968 (GCA), 18 U.S.C. § 921 *et seq*. The agency initially classified the Reformation as a short-barreled shotgun only under the GCA, but it later classified the Reformation as a short-barreled shotgun under the NFA and the GCA.

2. On summary judgment, the district court vacated ATF's classification of the Antithesis as a short-barreled rifle under the NFA and the GCA, and it vacated ATF's later classification of the Reformation as a short-barreled shotgun under the NFA and the GCA. The district court subsequently clarified that its ruling left undisturbed the 2018 classification letter for the Reformation. The district court also ordered ATF to create certain forms and procedures for firearms that fall only under the GCA. ATF appealed the judgment, and the district court stayed its judgment pending the appeal.

3. This Court held this case in abeyance on June 9, 2025, and directed the parties to file a further joint status update by July 9, 2025.

4. The parties have reached a settlement that would resolve the above-captioned appeal, but the settlement is conditional on the vacatur of a portion of the district court's judgment. Accordingly, pursuant to Federal Rule of Civil Procedure 60(b) and 62.1, the parties intend to move in the district court for an indicative ruling as to whether the district court will vacate a portion of the judgment to effectuate the settlement. The parties jointly request that this case continue to be held in abeyance for the pendency of these motions practice and any ongoing settlement negotiations. The parties will file a joint status update in 30 days.

Respectfully submitted,

/s/ STEPHEN J. OBERMEIER

STEPHEN J. OBERMEIER
MICHAEL D. FAUCETTE
JEREMY J. BROGGI
WILLIAM KERWIN LANE III
BOYD GARRIOTT
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049

*Attorneys for plaintiffs-appellees*

/s/ Courtney L. Dixon

COURTNEY L. DIXON
BEN LEWIS
Appellate Staff, Civil Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, Rm. 7243
Washington, DC 20530
(202) 353-8189
courtney.l.dixon@usdoj.gov

*Attorneys for defendants-appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Garamond 14-point, a proportionally spaced font, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 360 words, according to the word count of Microsoft Word.

*/s/ Courtney L. Dixon*
Courtney L. Dixon


## CERTIFICATE OF SERVICE

I certify that on July 9, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Courtney L. Dixon*
Courtney L. Dixon