# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

FIREARMS REGULATORY ACCOUNTABILITY
   COALITION, INC., et al.,

                           Plaintiffs-Appellees,

                    v.

PAMELA BONDI, ATTORNEY GENERAL
   OF THE UNITED STATES, et al.,

                          Defendants-Appellants.

No. 25-1748

## NOTICE OF INDICATIVE RULING AND
## JOINT MOTION FOR REMAND

     Pursuant to Federal Rule of Appellate Procedure 12.1, the parties hereby inform this Court that the district court has indicated that it would grant a joint motion to vacate a portion of the judgment pursuant to Federal Rule of Civil Procedure 60(b), if the case was remanded for that purpose. The parties therefore respectfully request that this appeal be remanded to the district court.

     1. This appeal arises from firearms classification letters issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Plaintiff Franklin Armory markets a firearm called the Antithesis and a firearm called the Reformation. ATF classified the Antithesis as a short-barreled rifle under the National Firearms Act of 1934 (NFA), 26 U.S.C. § 5801 *et seq*, and the Gun Control Act of 1968 (GCA), 18 U.S.C.

§ 921 *et seq.* The agency initially classified the Reformation as a short-barreled shotgun only under the GCA, but it later classified the Reformation as a short-barreled shotgun under the NFA and the GCA.

2. On summary judgment, the district court vacated ATF's classification of the Antithesis as a short-barreled rifle under the NFA and the GCA, and it vacated ATF's later classification of the Reformation as a short-barreled shotgun under the NFA and the GCA. The district court subsequently clarified that its ruling left undisturbed the 2018 classification letter for the Reformation. The district court also ordered ATF to create certain forms and procedures for firearms that fall only under the GCA. ATF appealed the judgment, and the district court stayed its judgment pending the appeal.

3. The parties reached a settlement that would resolve the above-captioned appeal, but the settlement is conditional on the vacatur of a portion of the district court's judgment. On July 11, 2025, the parties filed a joint motion in district court, requesting an indicative ruling regarding whether the district court would grant a motion under Federal Rule of Civil Procedure 60(b) to vacate the portion of its order and judgment "that directs 'ATF to create procedures for regulation of GCA-only weapons within 180 days from the date of this Order,'" if this Court were to return jurisdiction to it. *See* Doc. 73, at 6.

4. On July 15, 2025, the district court granted the motion (order attached). Under Federal Rule of Appellate Procedure 12.1, the parties are filing this notice to

inform this Court of the district court's ruling, and to request that this case be remanded to the district court to effectuate the partial vacatur of the judgment.

## CONCLUSION

For the foregoing reasons, the case should be remanded to the district court.

Respectfully submitted,

/s/ *Stephen J. Obermeier*
STEPHEN J. OBERMEIER
MICHAEL D. FAUCETTE
JEREMY J. BROGGI
WILLIAM KERWIN LANE III
BOYD GARRIOTT
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049

*Attorneys for plaintiffs-appellees*

/s/ *Courtney L. Dixon*
COURTNEY L. DIXON
BEN LEWIS
Appellate Staff, Civil Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 353-8189
courtney.l.dixon@usdoj.gov

*Attorneys for defendants-appellants*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Garamond 14-point, a proportionally spaced font, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 441 words, according to the word count of Microsoft Word.

/s/ Courtney L. Dixon
Courtney L. Dixon

# CERTIFICATE OF SERVICE

I certify that on July 17, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Courtney L. Dixon
Courtney L. Dixon